IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA                                           PLAINTIFF

v.                        Case No. 4:15-cr-00200-01 KGB

CHANTELL ALLEN PEOPLES                                             DEFENDANT

**ORDER**

Before the Court is defendant Chantell Allen Peoples's sealed motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A) (Dkt. No. 179). The government responded in opposition (Dkt. No. 182). At the Court's request, the government provided under seal Mr. Peoples's medical records (Dkt. No. 185). For the following reasons, the Court denies Mr. Peoples's motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A) (Dkt. No. 179).

**I.  Background**

On or about September 5, 2017, Mr. Peoples pled guilty to one count of distribution of at least five grams of methamphetamine actual and one count of knowingly carrying and using a firearm during and in relation to a drug trafficking crime, a violation of 18 U.S.C. § 924(c)(1)(A)(i) (Dkt. Nos. 136, 137). The Court sentenced Mr. Peoples in February 2018 to 180 months of imprisonment in the Bureau of Prisons ("BOP") (Dkt. Nos. 147, 148).[1] Mr. Peoples did not appeal his sentence.

In the pending motion, Mr. Peoples states that he should be granted compassionate release because of the COVID-19 pandemic, alleging that he has an underlying health condition. Mr. Peoples also contends that compassionate release is warranted because: (1) one of his children is

---

[1] The Court sentenced Mr. Peoples to 120 months imprisonment on Count 3 and 60 months imprisonment on Count 4 to run consecutively (Dkt. No. 147; 148).

in state custody, (2) he contends that he was pressured to plead guilty because he faced a potential term of imprisonment that would no longer apply, and (3) he claims that his sentence is unconstitutional (Dkt. No. 179). Mr. Peoples attaches a proposed release plan and letters of support to his motion for sentence reduction. Mr. Peoples also attaches a response to an Inmate Request To Staff Member form dated January 5, 2021. The government argues that compassionate release is not warranted in this case (Dkt. No. 182).

## II.     Discussion

This Court's ability to modify a sentence, once the sentence has been imposed, is governed by 18 U.S.C. § 3582(c), which provides that the Court may not modify a term of imprisonment once it has been imposed except that:

(1) in any case—

>    (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>>   (i) extraordinary and compelling reasons warrant such a reduction; or
>>
>>   (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
>   and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
>
>   (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal

>>Procedure; and
>
>(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c). With these statutory provisions in mind, the Court turns to examine the arguments advanced by Mr. Peoples.

### A. Relief Under The CARES Act

This Court has received release requests during the current pandemic that reference the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (2020), and that reference what is often referred to as the "compassionate release" provision set forth in 18 U.S.C. § 3582(c)(1)(A). Mr. Peoples seeks compassionate release. As a result, the Court addresses that argument in this Order.

Section 12003 of the CARES Act presently and temporarily provides for expanded prisoner home confinement under the framework set out in 18 U.S.C. § 3624(c). *See* CARES Act, Pub. L. No. 116-136, § 12003, 134 Stat. 281, 515–17 (2020). The CARES Act places decision-making authority solely within the discretion of the Attorney General and the Director of the BOP. *See id.*; *accord* 18 U.S.C. § 3624(c)(2). Courts therefore do not have power to grant relief under Section 12003 of the CARES Act. To the extent Mr. Peoples seeks relief from this Court under the CARES Act, the Court denies his motion.

### B. Compassionate Release

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances." *Dillon v.*

*United States,* 560 U.S. 817, 825 (2010) (alterations in original) (quoting 18 U.S.C. § 3582(b)). Once a district court has pronounced sentence and the sentence becomes final, the district court may only reconsider or alter the sentence pursuant to statutory authority. *See United States v. Addonizio,* 442 U.S. 178, 189–90 (1979). The compassionate release provision permits a district court to modify a term of imprisonment after it is imposed. *See* 18 U.S.C. § 3582(c)(1)(A).

Until passage of the First Step Act, under the then-governing statute, only the BOP could seek from a district court compassionate release on behalf of an incarcerated federal defendant for extraordinary and compelling reasons. The First Step Act amended the statute to authorize defendants to seek compassionate release on their own behalf, provided that the defendant first asks the BOP to do so and exhausts administrative appeals following denial of this request by the BOP. *See* 18 U.S.C. § 3582(c)(1). Specifically, an inmate may seek a compassionate release directly from the sentencing court "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A). The BOP may oppose a defendant's motion for compassionate release. The statute authorizes the district court to grant compassionate release, over the BOP's objection, under certain circumstances.

Although the First Step Act does not define the phrase "extraordinary and compelling," it defers to the United States Sentencing Guidelines, which does set out examples. The Court acknowledges that this list predates the COVID-19 outbreak. U.S.S.G § 1B1.13 cmt. n.1. The examples are: (1) the defendant's medical condition is such that he suffers from a "terminal illness" or the condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to

recover"; (2) the defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less; (3) the defendant's family circumstances include either "(i) [t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" or "(ii) [t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." *Id.*

In his motion, Mr. Peoples states that he has been suffering from a respiratory condition for a number of years. Mr. Peoples is 36 years old, and it does not appear from his medical records that he has been diagnosed with a medical condition that is considered to be a risk factor for COVID-19. His medical records reflect that, in October 2020, he reported to medical with a persistent hacking cough that he claimed he had been experiencing since 2016. He was diagnosed with "unspecified abnormalities of breathing" and was prescribed an inhaler. The medical records do not show that he continued to be prescribed the inhaler, however, and the condition is not mentioned in Mr. Peoples's 2021 medical records.

In February 2021, Mr. Peoples tested positive for COVID-19 (Dkt. No. 185). At that time, Mr. Peoples did not report being short of breath or having trouble breathing (*Id.*). He reported nausea and gastrointestinal issues (*Id.*). Mr. Peoples declined to receive the COVID-19 vaccine (*Id.*).

The government argues that Mr. Peoples poses a danger to the community if he were to be released and cannot satisfy the 18 U.S.C. § 3553(a) factors this Court is to consider. In the Court's assessment, Mr. Peoples meets neither the minimum age requirement nor the served-time requirement under the Guideline. Further, the Court determines that, on the record presented, fear

of contracting COVID-19 or of experiencing more intense symptoms than the average person are not extraordinary or compelling enough reasons for release.  The Court recognizes Mr. Peoples's circumstances and concerns.  However, these circumstances and concerns, taken alone or together with his medical concerns, do not present "extraordinary and compelling" reasons for release.

Even if Mr. Peoples could establish extraordinary and compelling reasons, the Court would deny his request for compassionate release based on consideration of the 18 U.S.C. § 3142(g) and 18 U.S.C. § 3553(a) factors, all of which the Court has considered.

The Court recognizes that Mr. Peoples cites to his child as grounds for relief because the child has been removed from the custody of the child's mother.  The documentation attached to Mr. Peoples's motion indicates, however, that both the maternal and paternal grandparents of the child have indicated that they want the child to come and live in their home.  In his reply to the government's response, Mr. Peoples states that the child is living currently in Arkansas with his grandparents.  Mr. Peoples does not claim that his grandparents are unable to care for the child but asserts that they need his help (Dkt. No. 186, at 1).  The child was not living with Mr. Peoples prior to his incarceration, and Mr. Peoples was behind in his child-support obligation.  For these reasons, although the Court is sympathetic, the Court cannot conclude now that this is an extraordinary or compelling reason sufficient to qualify for compassionate release.  Each criminal defendant who appears before the Court puts his or her family through hardship as a result of criminal conduct; this circumstance unfortunately is not unique to Mr. Peoples.

Mr. Peoples also argues that he should be granted compassionate release because he pled guilty in order to avoid a potential sentence that Congress has deemed no longer appropriate.  The Court understands Mr. Peoples to be referring to a portion of the First Step Act that prohibits the "stacking" of charges brought under 18 U.S.C. § 924(c), as Mr. Peoples was charged initially with

6

multiple violations of § 924(c).  Mr. Peoples, however, pled guilty to only one count of violating § 924(c), and the change in the law the Court references does not apply retroactively.

Further, Mr. Peoples contends that he should be granted compassionate release because his sentence is unconstitutional under 18 U.S.C. § 924(c)(1)(A)(i), which imposes a minimum five-year term for using or carrying a firearm during and in relation to any crime of violence or drug-trafficking crime, and he argues that he was not convicted of a crime of violence.  By its plain terms, 18 U.S.C. § 924(c)(1)(A)(i) also applies to drug-trafficking offenses.

Moreover, the Court is not convinced that these arguments related specifically to the form of the sentence imposed on Mr. Peoples are proper arguments for this Court's consideration in this proceeding.  *See, e.g.*, *United States v. Crandall*, 25 F.4th 582 (8th Cir. 2022) ("[Defendant] cannot avoid the restrictions of the post-conviction relief statute by resorting to a request for compassionate release instead."); *see also United States v. Fine*, 982 F.3d 1117 (8th Cir. 2020) ("[A] post-judgment motion that fits the description of a motion to vacate, set aside, or correct a sentence should be treated as a § 2255 motion.").

Mr. Peoples pled guilty to offenses involving drugs and firearms.  When engaged in this offense, Mr. Peoples was on supervision for possession of a firearm by a felon.  Mr. Peoples had prior convictions for delivery of cocaine, fleeing, sexual assault in the fourth degree, and theft by receiving.  Based on these events, when given the opportunity to do so in the past, Mr. Peoples has failed to conform his conduct to what the law requires.  The Court understands that Mr. Peoples has taken steps toward rehabilitation, has a release plan, and intends to support one of his children going forward.  The Court commends him for all of these, but based on the record before the Court and for the reasons explained, the Court denies his motion for compassionate release at this time. *See* 18 U.S.C. §§ 3142(g)(1), (4); 18 U.S.C. §§ 3553(a)(1), (2)(c).

### III.   Conclusion

Based on the findings of fact and conclusions of law above, the Court denies Mr. Peoples's motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i) (Dkt. No. 179).

It is so ordered this 26th day of May, 2022.

*Kristine G. Baker*
Kristine G Baker
United States District Judge